A. J. BABCOCK et al. v. STATE.

No. A-5395.   Opinion Filed March 27, 1926.
Rehearing Denied April 10, 1926.
(244 Pac. 824.)

Thomas Norman, for plaintiffs in error.

The Attorney General, for the State.

BESSEY, P. J.   The conviction of these three defendants rests largely upon the testimony and extrajudicial admissions of Jack Pierce, an alleged accom-

plice. In December, 1923, Pierce, a boy 19 years of age, was employed by defendant Babcock as a farm hand, and, while so employed, learned that there was a still in a ravine on land adjoining a field belonging to his employer. In the latter part of January, 1924, Pierce again went to work for Babcock, plowing in a field near where this still was located, and not far from some ricks of cordwood. Babcock told Pierce that someone had been stealing cordwood from him, and that if he saw any stranger going in that direction to warn him (Babcock). When the officers approached the place, Pierce left his plow, and went to Babcock's house, and notified him. As Pierce returned, the officers took charge of him, and went to where the still was. At this time Pierce made statements to the officers implicating defendants Russell and Doggett. As they returned through the field, the officers found Babcock plowing with the same plow and team that Pierce had been using before going to the Babcock house. The officers found the still in operation, but no one was found there in charge of it. Acting upon statements made by Pierce, the officers arrested Babcock, and later the two other defendants.

It was the theory of the state that Pierce was an accomplice—a coconspirator with the three defendants. The facts shown do not sustain this theory. The test as to whether one is an accomplice is whether the charge could be sustained as to him individually. If it can, he is an accomplice; otherwise not. Applying that test, Pierce was not an accomplice. Pierce suspected that Babcock was interested in the still, and that he was more concerned in that than he was in protecting his wood pile near by, but it is not shown that he had any positive knowledge that the still was then being operated, or that Babcock or the other defendants owned it. Under such state of facts, extrajudicial admissions of statements by Pierce, implicating defendants Russell and Doggett, could not bind them, and there is little other

evidence connecting Doggett or Russell with the still or its operation. The testimony of Pierce and the physical facts and circumstances shown indicate that Babcock was interested in operating the still.

The judgment of the trial court is affirmed as to defendant Babcock, but reversed as to Russell and Doggett.

DOYLE and EDWARDS, JJ., concur.